## Case No. 1,121.

### In-re BAXTER et al.

### [18 N. B. R. 560.]

District Court, S. D. New York. Aug. 30, 1878.

BANKRUPTCY—PROOF OF CLAIM—AMENDMENT—
GENERAL ORDERS.

[The receiver of a corporation presented a claim in its favor against the bankrupts. which was disputed by the trustee, who objected that no deposition of an officer of the corporation was presented with the proof, as required by general order No. 34. The claim was re-examined, and held valid and provable, in the course of which proceedings the treasurer of the corporation was examined under oath, and his deposition then taken furnished part of the grounds on which the claim was sustained. *Held,* that the receiver was entitled, by leave of court, to file this deposition with the proof of claim, with the same effect as if it were originally made conformably to order No. 34.]

[In bankruptcy. In the matter of Archibald Baxter and Duncan C. Ralston.]

Abbott Brothers, for trustee.

Kelly & Macrae, for receiver.

CHOATE, District Judge. The receiver of the International Packing Co., having presented proof of a claim against the bankrupts, which was disputed by the trustee, the claim has been re-examined and held to be a valid and provable claim. One objection made by the trustee was that no deposition in support of the claim was presented with the proof conformably to general order No. 34. In the order sustaining the claim, leave was given to the receiver to amend his proofs by producing the deposition of an officer of the corporation, the International Packing Company, to whose rights the receiver has succeeded. It now appears by the petition of the receiver that he has applied to the proper officer of the cor-

poration, who refuses to make the necessary deposition. In the course of the proceedings upon the re-examination of the claim, the treasurer of the corporation was examined under oath, and his deposition then taken was part of the case upon which the decision sustaining the claim was made. The ground on which the officer now refuses to make the deposition does not appear. It is suggested by the counsel for the trustee that it is because he cannot truthfully make it.

A motion is now made by the receiver that the deposition of the treasurer of the corporation, made on the re-examination of the claim, be filed, with the proof of claim, with the same force and effect as if originally made as a deposition conformably to general order No. 34. It is insisted on behalf of the trustee that this cannot be done; that the court cannot dispense with the requirements of the general order in this respect. The motion must be granted.

There can be no question of the power of the court, where it is impossible to comply with this requirement of the general order, to relieve the creditor so that he can obtain the benefit of the dividend to which he is entitled. The general rules and orders made by the supreme court, under authority of the bankrupt law, are designed to systematize and facilitate the practice of the bankrupt courts, and so far as they apply must be strictly followed. But they were not designed to create or declare, nor do they create and declare, the rights of creditors in the estate of bankrupts; still less do they abrogate and annul those rights. Many cases may arise where it is impossible to procure the deposition of the assignor to the claim. He may be out of the jurisdiction, or dead, or insane, with no legal representative within the jurisdiction competent to act for him in this matter. He may not be able truthfully and in good faith to make the deposition, as is suggested in this case. It would be a great stretch of authority to attempt to coerce him to swear to what he does not believe to be true. In all such cases to hold that the general order was peremptory and without exception, and absolutely excluded the proof, would be to hold that it deprives the creditor without just cause of his proper share in the bankrupt's estate, and divides it among the other creditors. In the particular case the leave to file the deposition of the officer of the corporation was given because it did not appear that it could not be obtained, and this permission seemed to meet this technical objection. Probably it was necessary because the proceedings taken amount to an adjudication of the court upon the creditor's claim, and it would seem that after such an adjudication in the very cause itself formal proof is unnecessary.

It appears now to be impossible to comply with the general order in this respect. Motion granted.